UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL, | No. 2:21-cv-01342-KJM-CKD PS |
| Plaintiff, | |
| v. | ORDER GRANTING IFP REQUEST AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| TERI CISSNA, et al., | |
| Defendants. | |

Plaintiff proceeds pro se in this action, which was referred to the undersigned by Local Rule 302(c)(21). Plaintiff's complaint is before the court for screening. In addition, plaintiff has filed an application in support of his request to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915. The request will be granted.

I.   **SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Id. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, a plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## II.  ALLEGATIONS IN THE COMPLAINT

The complaint names as defendants Teri Cissna, Ben Alvarez and James Marshall, who plaintiff alleges are sheriff's deputies in El Dorado County, California. (ECF No. 1 at 2.) The brief factual allegations are largely indiscernible, but it appears that plaintiff may be alleging he was falsely arrested. Plaintiff mentions the date of July 20, 2021, California Penal Code section 236 [defining "false imprisonment" as the unlawful violation of the personal liberty of another], false arrest, "pre-existing medical stroke," and "deceptive intent false statements spoken in court." (Id. at 3, 5.) Plaintiff seeks money damages in the amount of $150,000,000.00 for "[w]ell suffered fee commenced on 7/20/2021 @ 10,000.00 per day[.]" (Id. at 4.)

////

////

### III. THE COMPLAINT FAILS TO STATE A CLAIM

#### A. Failure to Comply with Rule 8

The complaint fails to allege a "plain statement of the claim" in a "simple, concise, and direct" manner. Fed. R. Civ. P. 8(a)(2) & (d)(1). In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

Plaintiff's allegations do not satisfy the requisite standard. The court is unable to discern what causes of action plaintiff intends to bring. Accordingly, the complaint is subject to dismissal. See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

While the factual allegations in the complaint are brief, plaintiff has attached over 500 pages of exhibits including transcripts and medical and mental health records. Plaintiff is advised that although the court will sometimes consider exhibits when screening a complaint, the court will not comb through hundreds of pages of exhibits in search of possible claims. If plaintiff chooses to amend this complaint, in order to state a claim he must state his claims clearly in the actual complaint.

#### B. False Arrest

Plaintiff is additionally cautioned that to any extent he seeks damages for false arrest, he does not have a cognizable claim unless he can prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey 512 U.S. 477, 486-87 (1994). Under Heck, when a plaintiff files a section 1983 action, the court must consider whether "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487; see also, e.g., Guerrero v. Gates, 442 F.3d 697, 703 (9th

Cir. 2006) (concluding that <u>Heck</u> barred the plaintiff's civil rights claims alleging wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him). In short, <u>Heck</u> prevents plaintiff from bringing any claim that would imply the invalidity of his conviction.

### IV.    CONCLUSION

The complaint must be dismissed because it fails to state a valid claim for relief. However, plaintiff will be given the opportunity to file an amended complaint. See <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (unless the complaint's deficiencies could not be cured by amendment, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend). If plaintiff elects to file an amended complaint, it shall be clearly captioned "First Amended Complaint," reference this case number, and fix the deficiencies identified herein. In any amended complaint, plaintiff must describe with at least some specificity the acts or omissions which a defendant or defendants engaged in that support plaintiff's claim. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. Therefore, in any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).

Although failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff is unable or unwilling to cure the complaint's deficiencies, then plaintiff may file a notice of voluntary dismissal.

In accordance with the above, IT IS ORDERED:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint (ECF No. 1) is subject to dismissal for failure to state a claim; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case

4

and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: September 23, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.vand.21cv1342.screen