UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL, | No. 2:21-cv-1342-KJM-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| TERI CISSNA, et al., | |
| Defendants. | |

Plaintiff proceeds pro se and in forma pauperis in this civil action referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's motions for extension of time and first amended complaint filed on October 15, 2021 are before the court. (ECF Nos. 6, 7, 8.) Plaintiff has also filed a second motion to proceed in forma pauperis (ECF No. 11) and other miscellaneous documents (ECF Nos. 9, 10, 12, 13, 14). By this order, the court notifies plaintiff the first amended complaint fails to state a claim. Plaintiff will be granted a final opportunity to amend as set forth herein.

I.  **BACKGROUND**

Plaintiff initiated this action with a civil complaint seeking damages filed on July 30, 2021. By order dated September 23, 2021, the court screened the complaint, found it failed to state a claim for relief, and granted plaintiff 30 days to file an amended complaint. (ECF No. 5.)

1

The September 23, 2021 screening order notified plaintiff the court could not discern what causes of action plaintiff intended to bring and that the complaint's allegations did not satisfy the pleading standards for any cause of action. Since the complaint included the words false arrest, plaintiff was cautioned that under Heck v. Humphrey 512 U.S. 477, 486-87 (1994), he would not have a cognizable claim for damages for false arrest unless he could prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

On October 15, 2021, plaintiff filed a first amended complaint using a form created for a petition for writ of habeas corpus under 28 U.S.C. 2254 by a person in state custody. A habeas corpus action provides a method for a person held in confinement to seek immediate or more speedy release. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973). "In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." Id. Here, although plaintiff used a habeas corpus form for the first amended complaint, the first amended complaint requests money damages in the amount of $150,000,000.00 and 10,000.00 per day. (ECF No. 8 at 17.) Plaintiff does not allege he is held in confinement. The record contains no indication he is in custody. Because habeas corpus is not an appropriate or available remedy, the court construes the filing as a first amended civil complaint.

## II.   SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In reviewing a complaint under this standard, the court accepts as true the factual allegations, unless they are clearly baseless or fanciful, and construes them in the light most favorable to the plaintiff. See Id. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

////

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, a plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III. ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

The first amended complaint contains more detail than the original complaint, but the factual allegations remain difficult to understand. The court is still unable to discern what claims plaintiff intends to bring.

Plaintiff is a disabled stroke survivor and has a brain injury. Plaintiff speaks English as a second language. (ECF No. 8 at 9.) Defendants are El Dorado County Sheriff's Deputies Teri Cissna, Ben Alvarez, and James Marshall.

Plaintiff alleges defendants arrested him on false accusations of contracting without a California State Contractors License after his license was wrongfully revoked in 2007. (ECF No. 8 at 7.) Subsequently, plaintiff was convicted of a 2017 offense or offenses in the El Dorado County Superior Court. (Id. at 3.) Plaintiff alleges "the judicial systems at 'Placerville: Hang Town, U.S.A.' embrace the traditional blood thirsty days of hangings and public executions by the lynching[ ] of persons found guilty" and the court acts in reaction to false police reports from El Dorado County police agencies. (Id. at 5.) Following plaintiff's conviction, "[n]o one reviewed the actual court transcripts due to fears of errors." (Id. at 7.) Plaintiff was subjected to "solitaire custody" and harsh jail officers while he served the resulting six-month sentence. (Id. at 3-4.) His firearms were seized. (Id. at 7.) Plaintiff now suffers from the harsh daily exposure of being homeless or transient. (Id.)

### IV. THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM

#### A. Failure to Comply with Rule 8

The first amended complaint fails to allege a "plain statement of the claim" in a "simple, concise, and direct" manner. Fed. R. Civ. P. 8(a)(2) & (d)(1). As set forth, the court is unable to discern what causes of action plaintiff intends to bring. Plaintiff has attached to the first amended complaint over 100 pages of exhibits, including transcripts and medical and mental health records. However, plaintiff was previously advised that in order to state a claim, he must plead his claims by stating factual allegations in the actual complaint. Although the court will sometimes consider exhibits when screening a complaint, the court will not comb through these exhibits in search of possible claims where none adequately pleaded. The first amended complaint must be dismissed. See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory…").

#### B. Supplements to the First Amended Complaint (ECF Nos. 9, 10, 14)

Since the filing of the first amended complaint, plaintiff has filed multiple documents that appear to be intended supplements to the first amended complaint. The court does not generally allow supplements to pleadings. An amended complaint replaces the original complaint and must stand on its own. See Local Rule 220; Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015). Plaintiff is advised that further supplements to pleadings will be disregarded unless plaintiff obtains leave of court to file a supplement to a pleading.

#### C. False Arrest

As plaintiff was previously cautioned, if through this action he seeks damages for false arrest, then he will have to prove his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey 512 U.S. 477, 486-87 (1994). Under Heck, when a plaintiff files a section 1983 action, the court must consider whether "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the

plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487; see also, e.g., Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (concluding that Heck barred the plaintiff's civil rights claims alleging wrongful arrest, malicious prosecution, and conspiracy among police officers to bring false charges). Plaintiff's use of a habeas form to plead his civil rights claims cannot overcome a Heck bar.

### C. Conditions of Confinement

Plaintiff alleges he was subjected to "solitaire custody" and harsh jail officers while confined in jail. (ECF No. 8 at 3-4.) Conditions of confinement may be restrictive and harsh without being unconstitutional. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nevertheless, "officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). When analyzing the constitutionality of conditions of confinement, a court analyzes each condition separately to determine whether that specific condition violates the Eighth Amendment. See Wright v. Rushen, 642 F.2d 1129, 1133 (9th Cir. 1981). A court also considers the amount of time to which the prisoner was subjected to the condition. Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). In order to establish an Eighth Amendment violation, a plaintiff must establish a prison official's subjective "deliberate indifference" to the unconstitutional conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Here, plaintiff's allegations regarding conditions of confinement are not pleaded with enough specificity for the court to determine whether any rights were allegedly violated. Moreover, plaintiff does not specify any acts or omissions by any named defendant pertaining to his conditions of confinement. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

### D. Seizure of Firearms

Plaintiff alleges his firearms were seized while he was in custody. (ECF No. 8 at 7.) Plaintiff has separately filed a request for the return of his firearms. (ECF No. 4.) It appears plaintiff is alleging that various actors - including the district attorney, officers, and the court-

violated his rights by seizing his firearms. Beyond conclusory allegations, however, most of which are directed against non-defendants, no factual assertions permit the court to draw an inference that any defendant is liable. See Iqbal, 556 U.S. at 678.

## V. CONCLUSION AND ORDER

Plaintiff's first amended complaint fails to state a claim on which relief may be granted. The court will grant plaintiff a final opportunity to amend in the event plaintiff believes there are additional facts he can allege to state a cognizable claim. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). This opportunity to amend is not for the purpose of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

An amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220. If plaintiff chooses to file an amended complaint, it should be clearly titled "Second Amended Complaint" and reference the appropriate case number. Alternatively, plaintiff may forego amendment and notify the court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff elects to stand on his first amended complaint, then the undersigned will issue findings and recommendations to dismiss the complaint without further leave to amend; plaintiff will have an opportunity to object and the matter will be decided by a district judge.

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's motions for extension of time (ECF Nos. 6, 7) are GRANTED and the first amended complaint is deemed timely filed;

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 11) is DENIED as moot because plaintiff was already granted leave to proceed in forma pauperis in this case; and

3. Within thirty days from the date of service of this order, plaintiff must file one of the following: a second amended complaint curing the deficiencies identified herein, a notice of voluntary dismissal, or a notice of election to stand on the first amended complaint.

Dated: December 6, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.vand.21cv1342.screenfac